# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY and THE TRAVELERS COMMERICAL INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>R.V. PEDDLER, INC and DOES 1-50, inclusive<br><br>    Defendants. | 1:14-CV-01726 JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 5/29/2015<br><br>Discovery Deadlines:<br>    Initial Disclosures: 3/20/2015<br>    Non-Expert: 8/14/2015<br>    Expert: 12/18/2015<br>    Mid-Discovery Status Conference: 6/30/2015 at 9:00 a.m.<br><br>Non-Dispositive Motion Deadlines:<br>    Filing: 1/8/2016<br>    Hearing: 2/5/2016<br><br>Dispositive Motion Deadlines:<br>    Defendant's Filing: 2/19/2016<br>    Plaintiffs' Opposition/Countermotion: 3/18/2016<br>    Defendants' Opposition/Reply: 4/15/16<br>    Plaintiffs' Reply: 5/13/16<br>    Hearing: 6/10/2016, 9:00 a.m.<br><br>Pretrial Conference: 7/14/2016, 10:30 a.m.<br><br>Trial: 8/23/2016 at 8:30 a.m.<br>    510 19th Street, Bakersfield, CA<br>    Jury trial: 3-4 days |

**I.   Date of Scheduling Conference**

February 17, 2015.

**II.  Appearances of Counsel**

Daniel Schmaeling appeared on behalf of Plaintiff.

Robert Bassett appeared on behalf of Defendant.

**III. Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **May 29, 2015**.

**IV.  Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **March 20, 2015**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **August 14, 2015**, and all discovery pertaining to experts on or before **December 18, 2015**.

The plaintiffs are directed to disclose all expert witnesses, in writing, on or before **September 15, 2015**. Defendant will disclose its experts on or before **October 15, 2015** and plaintiffs will disclose any rebuttal experts by **November 13, 2015.** The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **June 30, 2015**, at 9:00 a.m. before the Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse located at 510 19th Street, Bakersfield, California.  A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference and shall be e-mailed, in Word format to, JLTorders@caed.uscourts.gov.  The status report SHALL detail the discovery efforts made to date and that which remains to complete and whether there is any impediment to completing discovery within the deadlines set forth in this order.  In the event that discovery is proceeding appropriately and there are no outstanding issues to discuss, the Court may vacate the hearing.  However, if the hearing proceeds, counsel may appear via the CourtCall service, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**V.     Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **January 8, 2016**, and heard on or before **February 5, 2016**.  Non-dispositive motions are heard at 9:00 a.m. at the United States District Courthouse in Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the

3

notice of motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via the CourtCall service, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

The parties anticipate that legal issues may be resolved through cross motions for summary judgment.  Therefore, Defendant's motions shall be filed no later than **February 19, 2016**.  Plaintiffs' opposition and their cross motion shall be filed no later than **March 18, 2016**. Defendant's opposition to Plaintiffs' motion and Defendant's reply shall be filed no later than **April 15, 2016**.  Plaintiff's reply shall be filed no later than **May 13, 2016.**  The motions will be heard no later than **June 10, 2016** at 9:00 a.m.  In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### VI. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment/adjudication or a cross motion, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true.  **In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.**

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**VII.   Pre-Trial Conference Date**

**July 14, 2016**, at 10:30 a.m. at the United States District Courthouse in Bakersfield, California before the Honorable Jennifer L. Thurston, United States Magistrate Judge. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Thurston's chambers, by email at JLTOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VIII.   Trial Date**

**August 23, 2016**, at 8:30 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

A.   This is a jury trial.

B.   Counsels' Estimate of Trial Time: 3-4 days.

C.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**IX.   Settlement Conference**

If the parties believe the matter is in a settlement posture and desire a conference, they may file a joint request that the Court schedule a settlement conference.

**X.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XI.   Related Matters Pending**

There are no pending related matters.

**XII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure

and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XIII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 18, 2015**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE